IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 2:16cr159

JOSE LUIS SAGRERO-MATIAS,

    Defendant.

## MEMORANDUM ORDER

Defendant Jose Luis Sagrero-Matias, a federal inmate proceeding *pro se*, submitted a sealed letter motion wherein he contends he received an improper sentencing enhancement under 21 U.S.C. § 851 and seeks correction of the alleged error under Federal Rule of Criminal Procedure 36 ("Motion"). ECF No. 38.[1] Defendant also filed a supplemental request asking that the Court consider certain North Carolina state court records "as to proof of his claims of a wrongful enhancement under § 851" ("Supplemental Motion"). ECF No. 39. For the reasons stated below, the Motion is DENIED and the Supplemental Motion is DENIED as MOOT. Additionally, although Defendant filed the Motion under seal, he does not state why sealing is necessary, and there does not appear to be any basis to seal the Motion. *See* E.D. Va. Loc. Crim. R. 49(A) and (E) (stating that "[u]nless otherwise provided by law or Court rule, no document may be filed under seal without an order entered by the Court" and setting out requirements for a motion to seal). Accordingly, the Motion is ORDERED unsealed.

---

[1] The Court corrects the spelling, capitalization, and punctuation in quotations from the Motion. Additionally, the Court employs the pagination assigned by the CM/ECF docketing system.

On January 17, 2017, Defendant pleaded guilty to Count One of the Indictment, which charged him with Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). ECF No. 21. The Presentence Report ("PSR") set forth the statutory penalties for violation of Count One, including a mandatory minimum term of imprisonment of 10 years, or 120 months, to life imprisonment. *Id.* at 1, ¶ 72. The PSR, as adjusted,[2] also calculated Defendant's offense level as 31 and his criminal history category as I, resulting in a Sentencing Guidelines range of 108–135 months' imprisonment. *Id.* ¶¶ 71–72. However, because 21 U.S.C. § 841(b)(1)(A) imposes a mandatory minimum term of imprisonment of 10 years, or 120 months, the advisory guideline range was restricted to 120–135 months' imprisonment. 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1 (instructing that "a statutorily required minimum sentence" will restrict the advisory guideline range if that range is lower than the required minimum sentence). On April 19, 2017, Defendant was sentenced to the mandatory minimum term of imprisonment of 120 months. ECF No. 35.

In the Motion, Defendant seeks relief under Federal Rule of Criminal Procedure 36 to correct a clerical error on the basis that a sentencing enhancement pursuant to 21 U.S.C. § 851 was accidentally applied. Motion 1, 3–5. Defendant contends the PSR "wrongly avers a § 851 enhancement" and incorrectly "stated that [Defendant] had (1) qualifying prior felony usable to trigger the 851." Motion 1, 4. Defendant asserts the Court "sentenced [him] to the middle of the Guidelines relying" on the mistaken application of 21 U.S.C. § 851 and that he received "20 months extra" incarceration as a result. Motion 5. Defendant seeks correction of the PSR and a

---

[2] At sentencing, the district court adjusted Defendant's Offense Level Computation by determining that a two-point enhancement for Role in the Offense was applicable pursuant to U.S.S.G. § 3B1.1(c), rather than the three-point enhancement originally set forth in the PSR pursuant to U.S.S.G. § 3B1.1(b). The adjustment resulted in a lower advisory guideline sentence.

corresponding "20 months' reduction" of his sentence. Motion 1, 6. For his Supplemental Motion, Defendant attached North Carolina state court records and asks the Court to consider the records as evidence that he should not have been assessed an enhancement under 21 U.S.C. § 851. Supp. Motion 1.

Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed R. Crim. P. 36. While Rule 36 "may serve as an appropriate vehicle for a defendant to obtain resentencing when a clerical error likely resulted in the imposition of a longer sentence than would have been imposed absent the error," it applies only to "purely" clerical errors such as "scrivener's or recording errors." *United States v. Vanderhorst*, 927 F.3d 824, 827 (4th Cir. 2019).

There is no such error, and no error with respect to the application of 21 U.S.C. § 851, at issue here. Defendant did not receive an increased punishment pursuant to 21 U.S.C. § 851. The "§ 851 enhancement" described by Defendant is actually set forth in 21 U.S.C. § 841 and provides for enhanced statutory penalties "[i]f any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final." 21 U.S.C. § 841(b)(1)(A). Relatedly, section 851 describes the "Proceedings to establish prior convictions." As Defendant correctly notes, in order to seek an enhancement under section 841, "[p]rior to trial, or the entry of a guilty plea, the government must file an 'information' stating the previous convictions it relies upon when seeking enhancement under section 841." *United States v. Campbell*, 980 F.2d 245, 251 (4th Cir. 1992) (citing 21 U.S.C. § 851(a)(1)). And again, Defendant is correct that an Information was not filed in his case.

Defendant asserts, however, that the PSR nevertheless applied the "§ 851 enhancement" and that he received a higher sentence as a result. Defendant is mistaken. The PSR does not mention or assess an enhanced punishment pursuant to sections 841 and 851. The PSR also correctly sets forth the statutory penalties related to Count 1—a mandatory minimum term of imprisonment of 10 years, or 120 months, to life imprisonment. These are the relevant penalties set forth in section 841(b) for an offense involving "5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine." 21 U.S.C. § 841(b)(1)(A)(ii)(II).[3] If an enhanced sentence based on a prior conviction had been applied, the mandatory minimum term of imprisonment would have been 15 years, or 180 months, to life imprisonment. 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment . . . .").

Both the PSR and Judgment Order make clear that no Information of Prior Conviction pursuant to 21 U.S.C. § 851 was filed and Defendant did not receive an enhanced sentence pursuant to 21 U.S.C. § 841. ECF Nos. 35, 37. Defendant's advisory guideline range was 120–135 months' imprisonment, restricted by the 120-month mandatory minimum, and the Court imposed 120 months, the mandatory minimum sentence. *Id.* As such, there is no clerical error to correct. Likewise, Rule 36 does not apply.[4] ECF No. 37. Accordingly, the Motion, ECF No. 38, is DENIED and the Supplemental Motion, ECF No. 39, is DENIED as MOOT.

---

[3]   Defendant was attributed with 33 kilograms of cocaine. PSR ¶ 19, ECF No. 37.

[4]   Defendant also mentions career offender enhancement, but Defendant was not sentenced as a career offender. Motion 3; PSR, ECF No. 37. In fact, the PSR calculated Defendant's total criminal history score as zero, which established a criminal history category of I. PSR ¶ 41. Defendant was not assessed any criminal history points for his larceny conviction in North Carolina state court. *Id.* ¶ 38. Defendant also asks the Court to "take judicial notice under Rules of

4

The Clerk is DIRECTED to send a copy of this Order to Defendant and counsel for the United States.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: May 22, 2023

---

Procedure 18 U.S.C. § 201(d)." Motion 3. Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts but likewise has no application here as Defendant did not receive an increased sentence pursuant to 21 U.S.C. §§ 841 and 851. Fed. R. Evid. 201.